UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a corporation established
pursuant to 12 U.S.C. § 1716, et seq.,

    Plaintiff,

vs.                                                Case No. 11-14119

EMPERIAN AT RIVERFRONT, LLC, a          HON. AVERN COHN
Delaware limited liability company, and
AINSTAR RIVERFRONT, LLC, a Delaware
limited liability company, EZRA BEYMAN, an
individual, and MAYER STEG, an
individual,

    Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT EZRA BEYMAN'S MOTION TO SET ASIDE DEFAULT JUDGMENT (Doc. 49)[1]

I. Introduction

This is a loan default case against the borrowers and guarantors to a loan obligation involving real property known as Riverfront Towers Apartments (Riverfront) located in Detroit, Michigan. As will be explained, plaintiff Federal National Mortgage Association (Fannie Mae) obtained default judgments against all of the defendants. Specifically, on October 22, 2012, Fannie Mae obtained an $18,149,262.77 default judgment against Ezra Beyman (Beyman) for breach of a personal guaranty.

Before the Court is Beyman's motion to set aside the default judgment. For the reasons that follow, the motion is GRANTED.

II. Background

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

A.

In June 2008, Empirian at Riverfront, LLC (Empirian), a special purpose borrower affiliate of Empire American Holdings, LLC (Empire), and Ainstar Riverfront, LLC (collectively, Borrower) borrowed Fifty-Five Million Dollars ($55,000,000) from Arbor Commercial Funding, LLC (Arbor) as evidenced by a Multifamily Note executed on June 27, 2008.  To secure repayment of the Note, Borrower executed a Mortgage in favor of Arbor on the property.  Borrower also made and executed in favor of Arbor a Replacement and Reserve Agreement thereby agreeing to make certain deposits as additional security for their obligations under the Note.  As further security, on June 27, 2008, two guaranties were entered into.  First, Beyman executed in favor of Arbor a Guaranty (the Beyman Guaranty), which guaranteed repayment of certain obligations undertaken by Borrower if defined conditions were met.  Second, Beyman and Mayer Steg, also a defendant in this case, executed an Exceptions to Non- Recourse Guaranty (the Non-Recourse Guaranty) under which they guaranteed repayment of certain obligations undertaken by Borrower if defined conditions were met.  Also on June 27, 2008, Arbor assigned interests in the loan to Fannie Mae.

The property is one of approximately 60 properties owned by Empirian, or other special purpose borrower affiliates of Empire, and encumbered by loan documents held by Fannie Mae.  Beginning in 2009, Empire was unable to fulfill its loan obligations for all of its properties, including Riverfront, due in part to the decline in the real estate market.

B.

On September 21, 2011, Fannie Mae filed a Verified Complaint For Enforcement Of Mortgage, Including Assignment of Rents, Appointment Of Receiver And Other Relief

against defendants. (Doc. 1). Fannie Mae also moved on an emergency ex parte basis pursuant to Fed. R. Civ. P. 65 and 66, M.C.L. § 600.2926 and M.C.L. § 554.231 for immediate entry of a temporary restraining order appointing a receiver to manage and control Riverfront, on which Fannie Mae holds a mortgage. (Doc. 3).

On September 27, 2011, the Court noticed a hearing for September 28, 2011 on Fannie Mae's motion for the appointment of a receiver. (Doc. 7). On September 28, 2011, the Court entered a preliminary injunction and appointed a receiver. (Doc. 12).

In October 2011, a receiver took control of the property and Fannie Mae foreclosed on Riverfront and took title.

On May 10, 2012, the Clerk of the Court entered a default against Beyman under Fed. R. Civ. P. 55(a), on the basis that Beyman had failed to plead or otherwise defend. (Doc. 34).

On August 9, 2012, Fannie Mae moved for default judgment against Beyman. (Doc. 39.) On October 10, 2012, the Court held a hearing on Fannie Mae's motion for default judgment as to Beyman. On October 22, 2012, the Court entered judgment against Beyman.

III.

Fed. R. Civ. P. 55(c) governs setting aside a default. It reads:

> (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The decision to set aside a default is left to the court's discretion. Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 193 (6th Cir. 1984).

Rule 60(b) sets forth the following grounds for setting aside a default judgment: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud,

misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; (6) any other relief justifying relief from judgment. Fed. R .Civ. P. 60(b)(1)-(6). The Court must apply Rule 60(b) "equitably and liberally . . . to achieve substantial justice." United Coin Meter Co. v. Seaboard Coastal Line R.R., 705 F.2d 839, 844–45 (6th Cir. 1983). The decision to vacate a default judgment is entrusted to the trial court's discretion. In re Walter, 282 F.3d 434, 440 (6th Cir. 2002).

In United Coin Meter Co., 705 F.2d at 845, the Sixth Circuit set forth three factors to be considered in deciding a Rule 60(b) motion: (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. The Sixth Circuit has further explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside a default judgment under Rule 60(b)(1):

> while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b) (1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992).

IV.

Beyman first says that the default judgment should be set aside as void under Rule 60(b)(4) because he was not property served. "[I]f service was improper, the default judgment is void and must be vacated" pursuant to Fed. R. Civ. P. 60(b)(4). United States v. Murphy, No. 99–1436, 2007 U.S. Dist. LEXIS 78020, at *5, 2007 WL 2973584

4

(E.D.N.Y. Sept. 28, 2007). See also Jalapeno Prop. Mgmt., L.L.C. v. Dukas, 265 F.3d 506, 515 (6th Cir.2001) (stating that "if the underlying judgment is void, it is a per se abuse of discretion for a court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (internal citations omitted) (emphasis in the original).

Fannie Mae denies that service was improper, contending that Beyman waived personal service under the Beyman Guaranty and alternatively that Beyman was property served. While the parties spend a good deal of time arguing over service, the Court prefers to focus on whether Beyman has satisfied Rule 60(b)(1).

Having reviewed the papers, the Court is satisfied that the default judgment must be set aside. While mindful that Fannie Mae has already obtained the relief it seeks, the better course is to resolve its claim against Beyman on the merits. Given the length of time from filing the complaint to seeking a default judgment against Beyman (almost a year) and the significant amount of the judgment, this is not an unreasonable way to go.

SO ORDERED.


Dated: December 12, 2012        S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 12, 2012, by electronic and/or ordinary mail.

                                 S/Sakne Chami
                                 Case Manager, (313) 234-5160

5